AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ELIEZER RAMON GIL ROMERO,<br>RICHARD JOSE GONZALEZ MARVAL,<br>ROLFI ANTONIO PEREZ<br><br>*Defendant(s)* | )<br>)<br>)  Case No.   8:24-mj-01323-JSS<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   February 4, 2024,   in the county of   Hillsborough   in the
  Middle   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). | While on board a vessel subject to the jurisdiction of the United States, the defendants did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Joel J. Correa, Special Agent, FBI
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:  2/28/2024

_____
Judge's signature

City and state:   Tampa FL

JULIE S. SNEED, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joel Jose Correa, being duly sworn, depose and state:

### Introduction and Agent Background

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed by FBI since 2021. Since June 2023, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine and marijuana smuggling organizations that are responsible for the transportation of cocaine and marijuana through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

2.  I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about February 4, 2024, while on board a vessel subject to the jurisdiction of the United States, the

defendants ELIEZER RAMON GIL ROMERO, RICHARD JOSE GONZALEZ MARVAL, and ROLFI ANTONIO PEREZ, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3.  The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

4.  The United States Coast Guard ("USCG") has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5.  On or about February 4, 2024, while on routine patrol in the Caribbean Sea, his Majesty's Canadian Ship (HMCS) MARGARET BROOKE detected a go-fast vessel (GFV) operating approximately 85 nautical miles west of Isla Beata,

Dominican Republic in international waters. A United States Coast Guard Law Enforcement Detachment (LEDET) was embarked with the MARGARET BROOKE and was sent on a small boar to intercept the GFV.

6. As the LEDET approached the GFV, team members observed the GFV make evasive maneuvers and saw what appeared to be splashes in the water in the GFV's wake.

7. When the LEDET reached the GFV, the people aboard the vessel responded to commands to put their hands up. There were three people aboard: ELIEZER RAMON GIL ROMERO, RICHARD JOSE GONZALEZ MARVAL, and ROLFI ANTONIO PEREZ (the defendants). The LEDET members noted the strong smell of gasoline and saw approximately 15 fuel drums on board. Gasoline was flowing onto the deck. There were two outboard engines and days' worth of food. There were large scratch marks on the port side of the GFV. The vessel was painted dark blue or black and the defendants were wearing all-black clothing:



3

8. Through a Spanish interpreter, the defendants all said they had been out fishing. The LEDET members observed no fishing gear. When asked about the lack of fishing gear, the defendants replied that they were searching for a fishing vessel that had all their equipment. The boarding officer asked how the defendants intended to find the fishing vessel, and they responded that they had no means of direction or a way to locate the fishing vessel.

9. The GFV bore no indicia of nationality. ELIEZER RAMON GIL ROMERO identified as the master of the GFV. He claimed Venezuelan nationality for the vessel. The USCG contacted the Venezuelan government to determine the nationality of the vessel. The Venezuelan government could neither confirm nor deny the nationality of the vessel, thus the USCG determined that it was a vessel without nationality, and therefore subject to the laws of the United States under 46 U.S.C. § 70502(d)(1)(c).

10. The MARGARET BROOKE observed what it believed was a contraband field and a secondary boarding team recovered approximately 18 bales with an at-sea weight of 515 kilograms of suspected cocaine. The boarding team conducted a total of six Narcotics Identification Kit tests on the recovered packages with positive results for cocaine. The bales were recovered approximately 1.5 nautical miles from the GFV. The LEDET believed that the splashes they had seen in the GFV's wake during their pursuit was the jettisoned contraband. Radar confirmed there were no other vessels within 25 nautical miles of the GFV.

11. The LEDET conducted Ionscan swipes on the defendants' hands and the GFV. The swipes of the defendants' hands were negative, but the scan taken on the port side of the GFV where the scratches were located was positive for cocaine.

12. In my training and experience, the GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Eastern Pacific Ocean and Caribbean Sea.

## CONCLUSION

13. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, ELIEZER RAMON GIL ROMERO, RICHARD JOSE GONZALEZ MARVAL, and ROLFI ANTONIO PEREZ, while on board a vessel subject to the jurisdiction of the United States, knowingly and intentionally combined, conspired, and agreed

with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Joel J. Correa
Special Agent, FBI

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this __28__ day of February, 2024.

_____
JULIE S. SNEED
United States Magistrate Judge